**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
Email: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
Email: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Bradley C. Gage, Esq. (SBN 117808)
brad@bradgagelaw.com
**BRAD GAGE LAW**
A Professional Corporation
23002 Victory Boulevard
Woodland Hills, California 91367
Tel.: (818) 340-9252/Fax: (818) 340-9088

Attorneys for Plaintiffs
**X.D. & X. C. THROUGH GAL TRACIE HALL**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| X.D. BY AND THROUGH GUARDIAN AD LITEM TRACI HALL, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO NIANA FINLAYSON, DECEASED, individually; S.C. BY AND THROUGH GUARDIAN AD LITEM KENNETH COTTON INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO NIANI FINLAYSON, DECEASED, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; DEPUTY TY SHELTON; and DOES 1-10, inclusive,<br><br>Defendants | Case No. 8:24-cv-00902-FWS-PVCx<br><br>*Honorable Fred W. Slaughter*<br><br>**PLAINTIFFS' UNOPPOSED EX PARTE APPLICATION FOR RELIEF FROM ORDER RE STIPULATION AND REQUEST FOR ORDER OF DISMISSAL [DKT. NO. 64] PURSUANT TO FED. R. CIV. P. 60(b)(6)**<br><br>[*Declaration of Hang D. Le and Proposed Order filed concurrently*] |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

Plaintiffs X.D., by and through guardian ad litem Traci Hall, individually and as successor in interest to Niani Finlayson, deceased, and S.C., by and through guardian ad litem Kenneth Cotton, individually and as successor in interest to Niani Finlayson, deceased ("Plaintiffs") hereby move by way of this Unopposed Ex Parte Application for Relief from the Court's Order re Stipulation and Request for Order of Dismissal (Dkt. No. 64) pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs make this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Hang D. Le, which is submitted concurrently herewith. Prior to filing this Ex Parte Application, Plaintiffs' counsel contacted Defendants County of Los Angeles' and Deputy Ty Shelton's ("Defendants") counsel in compliance with Local Rule 7-19 through 7-19.1. Defendants' counsel are:

> Rickey Ivie, Esq.
> rivie@imwlaw.com
> Marina Samson, Esq.
> msamson@imwlaw.com
> Ivie McNeill Wyatt Purcell & Diggs
> A Professional Law Corporation
> 444 South Flower Street, Suite 1800
> Los Angeles, California 90071
> Tel.: (213) 489-0028/Fax: (213) 489-0552

(Declaration of Hang D. Le ("Le Decl.") ¶ 2). Defendants have indicated that pursuant to the Stipulation and Request for Order of Dismissal that they entered into with Plaintiffs (Dkt. No. 63), they do not oppose Plaintiffs' Ex Parte Application. (Le Decl. ¶ 2). Plaintiffs seek *ex parte* relief because pursuant to 28 U.S.C. § 1367(d), Plaintiffs may only have 30 days to refile their state law claim(s) in state court after Plaintiffs' state law claims are dismissed and thus, the deadline for Plaintiffs to refile any dismissed state law claims in state court may pass before the underlying motion may be heard according to regularly-noticed motion procedures.

DATED: July 30, 2025

**LAW OFFICES OF DALE K. GALIPO**
**BRAD GAGE LAW, APC**


By /s/ *Hang D. Le*
Dale K. Galipo
Bradley C. Gage
Hang D. Le
Attorneys for Plaintiffs

# **TABLE OF CONTENTS**

I.   INTRODUCTION AND RELEVANT PROCEDURAL HISTORY ............... 1

II.  EX PARTE BASIS FOR RELIEF ................................................................. 2

III. GOOD CAUSE EXISTS FOR THE COURT TO RELIEVE PLAINTIFFS FROM THE COURT'S ORDER OF DISMISSAL .................. 3

   A. The Court Did Not Have Jurisdiction Nor Discretion to Alter the Terms of the Parties' Stipulation for Dismissal ....................................... 4

   B. Plaintiffs' State Law Claims Should Have Been Dismissed Without Prejudice ........................................................................................ 5

      1. Plaintiffs Plausibly Pled Claims for Battery, Negligence, and Violation of the Bane Act ....................................................... 7

      2. Plaintiffs Plausibly Pled Survival Claims .................................... 9

   C. Any Defects Under Plaintiffs' State Law Claims Can Be Cured ......... 10

IV.  CONCLUSION .......................................................................................... 11

# TABLE OF AUTHORITIES

Cases

*Abrego v. City of Los Angeles*,
    No. CV1500039BROJEMX, 2016 WL 9450679 (C.D. Cal. Sept. 23, 2016) 11

*Alves v. Cnty. of Riverside*,
    135 F.4th 1161 (9th Cir. 2025) ................................................................... 7, 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................... 6

*Azam v. Brown*,
    714 F. App'x 663 (9th Cir. 2017) ................................................................... 3

*B.B. v. Cnty. of Los Angeles*,
    10 Cal. 5th 1 (2020) ......................................................................................... 8

*B.B. v. Cnty. of Los Angeles*,
    25 Cal. App. 5th 115 (2018) ........................................................................... 8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................... 6

*Black Rock City, LLC v. Pershing Cnty. Bd. of Comm'rs*,
    637 F. App'x 488 (9th Cir. 2016) ................................................................... 4

*Brown v. Ransweiler*,
    171 Cal. App. 4th 516 (2009) ......................................................................... 7

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Systems, Inc.*,
    637 F.3d 1047 (9th Cir. 2011) ......................................................................... 6

*Com. Space Mgmt. Co. v. Boeing Co.*,
    193 F.3d 1074 (9th Cir. 1999) ......................................................................... 4

*Conley v. Gibson*,
    355 U.S. 41 (1957) ........................................................................................... 7

*Davis v. Passman*,
    442 U.S. 228 (1979) ......................................................................................... 6

*Est. of Risher v. City of Los Angeles*,
    No. EDCV1700995MWFKKX, 2023 WL 5506005 (C.D. Cal. July 10, 2023)
    ........................................................................................................................... 4

*Grant v. McAuliffe*,
    41 Cal. 2d 859 (1953) ....................................................................................... 9

*Gutierrez v. City of Woodland*,
    No. CIV. S–10–1142 LKK, 2012 WL 1640509 (E.D. Cal. May 9, 2012) ..... 11

*Hayes v. Cnty. of San Diego*,
  57 Cal. 4th 622 (2013)..................................................................................8

*Hayes v. Cty. of San Diego*, No. 07CV1738 DMS (JMA), 2014 WL 11878351 (S.D. Cal. Apr. 3, 2014)...............................................................................11

*Hughes v. Rodriguez*,
  31 F.4th 1211 (9th Cir. 2022)........................................................................8

*Ileto v. Glock, Inc.*,
  349 F.3d 1191 (9th Cir. 2003)......................................................................6

*In re Yadidi*,
  274 B.R. 843 (B.A.P. 9th Cir. 2002)...........................................................10

*Jackson v. Fitzgibbons*,
  127 Cal. App. 4th 329 (2005).......................................................................9

*Klapprott v. United States*,
  355 U.S. 601 (1949) .....................................................................................3

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) .....................................................................................5

*Mission Power Eng'g Co. v. Continental Cas. Co.*,
  883 F.Supp. 488 (C.D. Cal. 1995)................................................................3

*Neitzke v. Williams*,
  490 U.S. 319 (1989) .....................................................................................7

*Omar v. Sea-Land Serv., Inc.*,
  813 F.2d 986 (9th Cir. 1987)........................................................................5

*Orduno v. Hendrix*,
  No. EDCV162288DOCJDEX, 2017 WL 11705427 (C.D. Cal. Nov. 27, 2017)
  ...................................................................................................................11

*Quiroz v. Seventh Ave. Center*,
  140 Cal. App. 4th 1256 (2006).....................................................................9

*Reese v. Cnty. of Sacramento*,
  888 F.3d 1030 (9th Cir. 2018)......................................................................8

*Star Int'l v. Arizona Corp. Comm'n*,
  720 F.2d 578 (9th Cir. 1983)........................................................................6

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007)......................................................................10

*United States v. Alpine Land & Reservoir Co.*,
  984 F.2d 1047 (9th Cir. 1993)......................................................................4

*United States v. Sparks*,
  685 F.2d 1128 (9th Cir. 1982)......................................................................3

*Wong v. Bell,*
　642 F.2d 359 (9th Cir.1981)...........................................................................5

## Statutes

28 U.S.C. § 1367(d) ........................................................................................3

Cal. Civ. P. Code § 377.20 ..............................................................................9

Cal. Civ. P. Code § 377.30 ..............................................................................9

Cal. Civ. P. Code § 377.34(b)..........................................................................9

Cal. Civ. P. Code § 377.60 ..............................................................................9

## Rules

Fed. R. Civ. P. 60(b)(6) ...................................................................................3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

This case arises out of the officer-involved shooting death of Niani Finlayson ("Decedent") by County of Los Angeles Sheriff's Deputy Ty Shelton on December 4, 2023. The Plaintiffs are Decedent's minor children, X.D. and X.C. Plaintiffs initiated this action on April 24, 2024, bringing claims individually and as Decedent's successors in interest for (1) Unreasonable Search and Seizure (42 U.S.C. § 1983); (2) Civil Battery; (3) Wrongful Death; (4) Negligence; (5) Bane Act; and (6) Municipal Liability (42 U.S.C. § 1983) (Dkt. No. 1). Plaintiffs filed a First Amended Complaint, the operative complaint, on July 23, 2024, alleging the same claims (Dkt. No. 24).

The parties were diligently pursuing discovery, including the retention of experts and the completion of expert depositions. Recently, due to Plaintiffs' concerns regarding the second prong of qualified immunity on Plaintiffs' Fourth Amendment claim, the parties have been engaged in discussions regarding the possibility of resolving this action. On July 24, 2025, pursuant to ongoing settlement discussions between Plaintiffs' counsel and Defendants County of Los Angeles' and Ty Shelton's ("Defendants") counsel, the parties filed a Stipulation and Request for Order of Dismissal ("Stipulation"), stipulating and requesting that the Court enter an order dismissing Plaintiffs' federal claims (the First Amended Complaint's First and Sixth Claims for Relief) <u>with prejudice</u>, and dismissing Plaintiffs state law claims (the First Amended Complaint's Second, Third, Fourth, and Fifth Claims for Relief) <u>without prejudice</u>, so that Plaintiffs may refile the state law claims in state court (Dkt. No. 63). The parties specifically agreed to the dismissal of the federal claims, with prejudice, and the refiling of the state law claims in state court in exchange for the Defendants not filing a Motion for Summary Judgment in federal court in order

to better facilitate the possibility of a resolution in the case. (*See* Dkt. No. 63 ¶ 9). A proposed order was filed with the Stipulation reflecting the terms of the Stipulation.

On July 25, 2025, the Court issued an Order regarding the parties' Stipulation and Request for Order of Dismissal, but made changes to the terms of the dismissal. Specifically, instead of dismissing all of Plaintiffs' state law claims *without prejudice* to allow Plaintiffs to refile those claims in state court pursuant to the parties' agreement, the Court dismissed Plaintiffs' state law battery, negligence, and Bane Act claims *with prejudice*. The Court did not provide an explanation for the change to the terms of the parties' stipulation other than a short statement in the prefatory paragraph of the Order, indicating that the Court considered the parties' Stipulation and "the files and records of the case [and ] the applicable law." (Dkt. No. 64).

Plaintiffs now file this Unopposed Ex Parte Application seeking relief from the Court's July 25, 2025 Order re Stipulation and Request for Order of Dismissal. Specifically, Plaintiffs request that the Court issue an amended order to reflect the parties' agreed-upon terms and stipulation and agreement and dismiss Plaintiffs' state law claims of battery, negligence, and Bane Act <u>without prejudice</u>. Should the Court desire further discussion on any of the issues discussed herein, Plaintiffs counsel can be made available for a hearing either via personal appearance or Zoom. Plaintiff's lead counsel, Dale Galipo, is unavailable from August 4-August 8, 2025 but can otherwise work with the Court to attend a hearing if needed.

## II.   **EX PARTE BASIS FOR RELIEF**

The granting of *ex parte* relief requires an evidentiary showing of good cause that: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures;" and (2) "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *See Mission Power Eng'g*

*Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995); *see, e.g.*, *Azam v. Brown*, 714 F. App'x 663, 665 (9th Cir. 2017) (recognizing *Mission Power* as setting forth standard for *ex parte* relief).

    Here, Plaintiffs' ability to fully control, litigate, and negotiate to settle their case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures because pursuant to 28 U.S.C. § 1367(d), Plaintiffs only have 30 days to refile any state law claims that were joined with federal claims in federal court pursuant to the Court's supplemental jurisdiction and subsequently dismissed. And while Plaintiffs acknowledge that the parties stipulated that any applicable state of limitations for Plaintiffs' state law claims are tolled until Plaintiffs refile their state law claims in state court (*see* Dkt. No. 63 ¶ 7), due to the novel circumstances Plaintiffs face, Plaintiffs intend to comply with the 30-day deadline pursuant to 28 U.S.C. § 1367(d) out of an abundance of caution. Additionally, Plaintiffs are without fault in causing this *ex parte* crisis as Plaintiffs entered into a stipulation with Defendants in which the parties agreed that Plaintiffs' state law claims would be dismissed *without prejudice* and requested the Court issue an order reflecting the parties' agreement, thereby fully intending to be able to file their state law claims in state court in a timely manner pursuant to the parties' stipulation, but the Court subsequently issued an order dismissing Plaintiffs' state law battery, negligence, and Bane Act claims *with prejudice*.

### III.   <u>GOOD CAUSE EXISTS FOR THE COURT TO RELIEVE PLAINTIFFS FROM THE COURT'S ORDER OF DISMISSAL</u>

    Rule 60(b)(6) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for...any…reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This clause "gives the district court power to vacate judgments [or final orders] 'whenever such action is appropriate to accomplish justice.'" *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982) (quoting *Klapprott v. United States*, 355 U.S. 601, 615 (1949)). An

order dismissing all claims in a complaint is considered a final order for the purposes of relief under Rule 60(b)(6). *See Est. of Risher v. City of Los Angeles*, No. EDCV1700995MWFKKX, 2023 WL 5506005, at *3 (C.D. Cal. July 10, 2023). Relief is granted under Rule 60(b)(6) if a party can show both injury and that circumstances beyond its control prevented timely action to protect its interests. *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

Here, Plaintiffs seek relief from the Court's July 25, 2025 Order re Stipulaiton and Request for Order of Dismissal, which disposes of all of Plaintiffs' claims. Specifically, Plaintiffs seek amendment of the Court's Order dismissing Plaintiffs' state law battery, negligence, and Bane Act claims with prejudice. As discussed further below, Plaintiffs contend that such departure from the parties' stipulated terms of dismissal is prejudicial to Plaintiffs, and circumstances beyond Plaintiffs' control prevented timely action to protect Plaintiffs interests as Plaintiffs were not aware and were not given notice that the Court was contemplating and would be dismissing the majority of Plaintiffs' state law claims with prejudice before the Order was issued.

### A. The Court Did Not Have Jurisdiction Nor Discretion to Alter the Terms of the Parties' Stipulation for Dismissal

At the outset, Plaintiffs contend that the Court did not have jurisdiction to alter the terms of the parties' Stipulation to dismiss the action pursuant to Rule 41(a)(1)(A)(ii). A voluntary dismissal by way of stipulation under Rule 41(a)(1)(A)(ii) "automatically terminates the action, and thus federal jurisdiction, without judicial involvement." *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999); *see Black Rock City, LLC v. Pershing Cnty. Bd. of Comm'rs*, 637 F. App'x 488, 489 (9th Cir. 2016). "[O]nce a [] voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal." *Com. Space Mgmt. Co.*, 193 F.3d at 1076. The parties may confer the district court limited

jurisdiction under a stipulated dismissal pursuant to Rule 41(a)(1)(ii), such as jurisdiction to enforce the terms of a settlement or jurisdiction to issue a dismissal order that embodies the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994). Here, the parties requested that the Court issue a specific order of dismissal reflecting the parties' agreement that Plaintiffs' federal claims be dismissed with prejudice and Plaintiffs' state law claims be dismissed without prejudice. (Dkt. No. 63 ¶ 10). The Court did not have jurisdiction nor discretion to alter the terms of the parties' Stipulation.

### B. **Plaintiffs' State Law Claims Should Have Been Dismissed Without Prejudice**

Even assuming *arguendo* that the Court had jurisdiction to alter the terms of the parties' Stipulation for dismissal, despite clear case law to the contrary, dismissal of Plaintiffs' state law claims for battery, negligence, and Bane Act with prejudice is unduly prejudicial, an abuse of discretion, and in contravention of established law. Because the Court did not provide a clear explanation for the changes to the terms of the parties' Stipulation, Plaintiffs can only speculate as to the grounds of the Court's dismissal of Plaintiffs' battery, negligence, and Bane Act claims with prejudice. Based on the short statement provided by the Court and a review of the documents available to the Court, Plaintiffs assume that these *sua sponte* dismissals were made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as no substantive evidence relating to the facts of this case have been provided to the Court.

A court may *sua sponte* dismiss a claim under Rule 12(b)(6) but must give notice of its *sua sponte* intention to dismiss and provide the plaintiff with "an opportunity to at least submit a written memorandum in opposition to such motion" *Wong v. Bell,* 642 F.2d 359, 362 (9th Cir.1981), unless the Plaintiff cannot possibly win relief, *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Because the Court *sua sponte* dismissed Plaintiffs' battery, negligence, and Bane Act claim

without prior notice, it stands to reason that the Court has determined that Plaintiffs cannot possibly win relief under these claims based on the facts pled in Plaintiffs' First Amended Complaint. However, without an explanation, Plaintiffs are at a loss as to how the Court came to this conclusion, as Plaintiffs contend that the pleadings, when read liberally pursuant to 12(b)(6) standards, are sufficient for their battery, negligence, and Bane Act claims.

Federal Rule of Civil Procedure 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8, which "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 requires the plaintiff to make only (1) a short and plain statement of the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for judgment and relief. *Davis v. Passman*, 442 U.S. 228 (1979); *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Under federal notice pleading, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. In deciding whether a pleading states a plausible claim for relief, the court considers the complaint's factual allegations, "together with all reasonable inferences" from those allegations. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 662.

In reviewing a dismissal for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6), the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *N. Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 580 (9th Cir. 1983). In *Conley v.*

*Gibson*, 355 U.S. 41 (1957), the United States Supreme Court explained that dismissal for failure to state a claim should only be granted under narrow circumstances, and complaints should not be dismissed unless it appears beyond doubt that the plaintiff cannot prove any facts supporting her claim entitling her to relief. *Conley*, 355 U.S. at 45-46. "Rule 12(b)(6) [also] authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams,* 490 U.S. 319, 326 (1989).

       1. <u>Plaintiffs Plausibly Pled Claims for Battery, Negligence, and Violation of the Bane Act</u>

> The elements of civil battery are: (1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the [decedent's] person; (2) [decedent] did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to [decedent].

*Brown v. Ransweiler*, 171 Cal. App. 4th 516, 526-27 (2009). "A state law battery claim is a counterpart to a federal claim of excessive use of force. In both, a plaintiff must prove that the peace officer's use of force was unreasonable." *Id.* at 527. Here, Plaintiffs plausibly pled a claim for battery by a peace officer. Plaintiffs alleged that Defendant Ty Shelton intentionally shot and killed Decedent, that Decedent did not consent to the contact, and that Decedent died as a result of the shooting. (FAC, Dkt. No. 24 ¶¶ 35, 48). Plaintiffs further alleged that the other two deputies at the scene did not shoot, that Decedent did not pose an immediate threat to the safety or anyone at the time of the shooting, and that Decedent was shot several times in the back in front of her daughter without justification. (FAC, Dkt. No. 24 ¶¶ 27-29). Based on these allegations, Plaintiffs plausibly pled a claim for state law battery.

    "Under California negligence law, a plaintiff must show that the defendant has a legal duty of due care, a breach of such legal duty, and the breach was a proximate or legal cause of the resulting injury." *Alves v. Cnty. of Riverside*, 135 F.4th 1161, 1170 (9th Cir. 2025) (cleaned up). "The California Supreme Court has

long recognized that law enforcement officers have a duty to act reasonably when using deadly force against a suspect." *Id*. (citing *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 629 (2013)). Thus, officers can be liable for negligence under California law if their pre-shooting conduct show that, as a part of the totality of the circumstances, their use of force was unreasonable. *Hayes*, 57 Cal. 4th at 639. Here, Plaintiffs have plausibly pled a claim for state law negligence. Plaintiffs alleged that Defendant Ty Shelton had a duty to use reasonable care to prevent harm or injury to others and that he breach that duty when he failed to adequately assess the need to use deadly force against Decedent, used negligent tactics, including negligent pre-shooting tactics, and negligently used deadly force against Decedent. (FAC, Dkt. No. 24 ¶¶ 63-64).

"The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right." *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022) (citing *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018)). To succeed on a claim under the Bane Act, a plaintiff must only show that the defendant acted with a specific intent to violate the plaintiff's civil rights. *B.B. v. Cnty. of Los Angeles*, 25 Cal. App. 5th 115, 133 (2018) (rev'd on other grounds in *B.B. v. Cnty. of Los Angeles*, 10 Cal. 5th 1 (2020)). "[A] reckless disregard for a person's constitutional rights is evidence of specific intent to deprive that person of those rights." *Reese*, 888 F.3d at 1045. Plaintiffs plausibly and sufficiently alleged a Bane Act claim in stating that Defendant Shelton shot and killed Decedent without justification while Decedent did not pose an immediate threat to anyone and did so with the intent to deprive Decedent of her enjoyment of the interests protected by federal and state laws. (FAC, Dkt. No. 24 ¶¶ 27-29, 70).

//
//
//

### 2. Plaintiffs Plausibly Pled Survival Claims

Under California law, "survival actions" are distinguished from "wrongful death" actions. A wrongful death action is an independent claim brought by a decedent's heirs for damages they personally suffered on account of the death. *See* Cal. Civ. P. Code § 377.60; *Jackson v. Fitzgibbons*, 127 Cal. App. 4th 329, 335 (2005). A survival action, on the other hand, is not a new cause of action that vests in the heirs on the death of the decedent. *Quiroz v. Seventh Ave. Center*, 140 Cal. App. 4th 1256, 1265 (2006); *see* Cal. Civ. P. Code § 377.20. "It is instead a separate and distinct cause of action which belonged to the decedent before death but, by statute survives that event." *Id.* The survival statute "prevent[s] the abatement of the cause of action of the injured person, and provide[s] for its enforcement by or against the personal representative of the deceased." *Grant v. McAuliffe*, 41 Cal. 2d 859, 864 (1953). A cause of action that survives the death of a person passes to the person's successor in interest and is enforceable by the successor in interest. Cal. Civ. P. Code § 377.30.

In the operative complaint, Plaintiffs state that they are bringing claims "as an individual in her own right" and "as a successor in interest, heir, and personal legal representative of the decedent to seek redress for the deprivation of the decedent's rights and for those damages that the decedent sustained and incurred before death, and the decedent would have been entitled to recover, had she lived as defined by Section 377.34 of the California Code of Civil Procedure. (FAC, Dkt. No. 24 ¶¶ 4, 5). This is based on the injuries and damages Decedent sustained before she passed, including pain and suffering[1] and economic damages, and wrongful death damages

---

[1] California Code of Civil Procedure, section 377.34(b) provides that "in an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable may include damages for pain, suffering, or disfigurement of the action or proceeding…was filed on or after
   (footnote continued)

that Plaintiffs personally sustained as a result of Decedent's death. (*See* FAC, Dkt. No. 24 ¶¶ 35, 48, 49, 50, 51, 57, 58, 59, 73, 74). It can be reasonably inferred from a liberal reading of the operative complaint that Plaintiffs brought their battery, negligence, and Bane Act claims not only as wrongful death claims, but also as survival claims on behalf of Decedent as her successors in interest, since Plaintiffs sought survival damages on her behalf under these claims. (*See* FAC, Dkt. 24 ¶¶ 48, 49, 67, 73). Thus, by dismissing Plaintiffs' battery, negligence, and Bane Act claim, with prejudice, the Court dismissed all of Plaintiffs' survival claims that Plaintiffs adequately pled and were entitled to bring as Decedent's successors in interest under California law.

### C. Any Defects Under Plaintiffs' State Law Claims Can Be Cured

While Plaintiffs contend that Plaintiffs plausibly and sufficiently pled their state law claims for battery, negligence, and Bane Act, to the extent that the Court found the allegations in Plaintiffs' First Amended Complaint to be conclusory, vague, lacking or defective in any manner, a defective complaint should not be subject to a dismissal with prejudice without the opportunity to amend unless it is clear that no relief can be granted under any set of facts that can be proved to support its allegations or the complaint cannot be saved by any amendment. *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007); *In re Yadidi*, 274 B.R. 843, 849 (B.A.P. 9th Cir. 2002). Here, Plaintiffs can plead more detailed facts if needed to support their allegations and state law claims. To the extent that the Court dismissed Plaintiffs' state law claims on the basis that Plaintiffs failed to file declarations in compliance with section 377.32 of the California Code of Civil Procedure in order to bring claims on behalf of Decedent as Decedent's successors

---

January 1, 2022 and before January 1, 2026. Plaintiffs filed this action on April 24, 2024 and are therefore entitled to recover damages for pain and suffering on behalf of decedent as decedent's successors in interest.

in interest, Plaintiffs can also cure this defect by filing the requisite declarations when Plaintiffs refile their state law claims in state court, as permitted by law. *See Orduno v. Hendrix*, No. EDCV162288DOCJDEX, 2017 WL 11705427, at *7 (C.D. Cal. Nov. 27, 2017); *Abrego v. City of Los Angeles*, No. CV1500039BROJEMX, 2016 WL 9450679, at *5–6 (C.D. Cal. Sept. 23, 2016); *Hayes v. Cty. of San Diego*, No. 07CV1738 DMS (JMA), 2014 WL 11878351 (S.D. Cal. Apr. 3, 2014); *Gutierrez v. City of Woodland*, No. CIV. S–10–1142 LKK, 2012 WL 1640509, at *6-7 (E.D. Cal. May 9, 2012). Accordingly, Plaintiffs' battery, negligence, and Bane Act claims should be dismissed without prejudice because any defects can be cured.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court issue an amended Order of Dismissal, reflecting the agreed-upon terms of the parties' Stipulation and dismissing Plaintiffs' state law claims of battery, wrongful death, negligence, and Bane Act without prejudice, so as to honor the specific agreement of the parties, allow the state law claims to proceed and be adjudicated in state court, and give the parties the best change of resolution of the case.

DATED: July 30, 2025          **LAW OFFICES OF DALE K. GALIPO**
                              **BRAD GAGE LAW APC**


                              By  */s/ Hang D. Le*
                                  Dale K. Galipo
                                  Bradley C. Gage
                                  Hang D. Le
                                  Attorneys for Plaintiffs